Case 5:25-cv-01032-J   Document 7   Filed 08/19/25   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
August 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN MIGUEL SWAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00225 |
| | § | |
| ROBERT J. TROESTER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff John Miguel Swan, appearing *pro se*, has filed this case which has been docketed in this Court as a 42 U.S.C. § 1983 prisoner civil rights action. (D.E. 1). Plaintiff is currently a federal inmate assigned to the Federal Correctional Institution-Three Rivers in Three Rivers, Texas.

Plaintiff sues the following federal officials in this action:

- Robert J. Troester, a United States Attorney in Oklahoma City, Oklahoma;

- Jacquelyn M. Hutzell, a United States Attorney in Oklahoma City, Oklahoma;

- Allison B. Christian, a "DOJ-USAO" in Oklahoma City, Oklahoma;

- Drew E. Davis, a "DOJ-USAO" in Oklahoma City, Oklahoma;

- Chelsie A. Pratt, a United States Attorney in Oklahoma, City, Oklahoma;

- Steven W. Creager, a United States Attorney in Oklahoma, City, Oklahoma; and

- Angelique M. Deblouis, a United States Probation Officer in Oklahoma City, Oklahoma.

(D.E. 1, pp. 1-2, 4-5; D.E. 1-2, pp. 1-3, 7). Plaintiff generally claims that Defendants conspired in his malicious prosecution by falsely arresting him without due process resulting in his wrongful conviction in the Westen District of Oklahoma. (D.E. 1, p. 7). Plaintiff further asserts that Defendants violated his constitutional rights in several other respects with respect to his arrest and subsequent federal prosecution and conviction. *Id.* at 7-8; *see also* D.E. 1-2. Plaintiff seeks immediate release and monetary damages. (D.E. 1, p. 6).

> Pursuant to the general venue statute, a civil action may be brought in:
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Here, none of the named defendants either reside in this district or are subject to personal jurisdiction in this district. Furthermore, it is clear that all of the events giving rise to Plaintiff's claims occurred in Oklahoma City, Oklahoma, which is located in Oklahoma County and within the Western Division of Oklahoma. *See* 28 U.S.C. § 116(c). Venue, therefore, is not proper in this Court pursuant to § 1391(b).

When venue is improper, the Court shall "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). The interests of justice would be served by a transfer of this action to the Western District of Oklahoma.

Accordingly, **IT IS ORDERED** that this case, including all pleadings, motions, notices, and orders filed therein, is **TRANSFERRED** to the United States District Court for the Western District of Oklahoma.

**IT IS FURTHER ORDERED** that pursuant to United States District Court for the Southern District of Texas General Order No. 2024-2, an order that transfers a civil case to a district court outside the Fifth Circuit is stayed for **21 days** from the date the order is entered on the docket.

ORDERED on August 19, 2025.

_____
Julie K. Hampton
United States Magistrate Judge