IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MIGUEL SWAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROBERT J. TROESTER et al., ) <br> ) <br> Defendants. ) | Case No. CIV-25-1032-J |

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner appearing pro se and in forma pauperis, has filed a complaint against seven federal Defendants seeking relief under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). United States District Judge Bernard M. Jones referred this case to the undersigned Magistrate Judge for initial proceedings under 28 U.S.C. § 636(b)(1)(B), (C). Doc. 11.[1] Upon screening the complaint, the undersigned recommends the Court dismiss this action.[2]

I.   **Plaintiff's background and claims.**

---

[1]   Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

[2]   Plaintiff has filed several other motions, seeking discovery, objections, giving notices, and seeking to add defendants to the complaint. *See* Docs. 15-23. The undersigned addresses the motions to amend below. Docs. 21-22. The adoption of this Report & Recommendation would moot the remaining pending motions.

The Tenth Circuit vacated Plaintiff's conviction and sentence for being a felon in possession of ammunition. *United States v. Swan*, No. CR-21-28-G (W.D. Okla. Jan. 29, 2024), Doc. 99. That court remanded the case to this Court to allow Plaintiff to withdraw his guilty plea and for further proceedings. *Id.* After a retrial, where Plaintiff proceeded pro se with standby counsel, a jury convicted him of the same count. *Id.* Doc. 135. United States District Judge Stephen P. Friot sentenced Plaintiff to 120-months' imprisonment and three years' supervised release, and Plaintiff appealed. *Id.* Docs. 220 & 222. The Tenth Circuit has not decided the appeal.

Plaintiff names the United States Attorney for the Western District of Oklahoma, Robert J. Troester, five current or former Assistant United States Attorneys from that office who took part in his prosecution and/or appeal (Jacquelyn M. Hutzell, Allison B. Christian, Drew E. Davis, Chelsie A. Pratt, and Steven W. Creager, together, the Prosecutor Defendants). He also sues United States Probation Officer Angelique M. Deblouis. Doc. 1, at 1, 2, 4-5, 7.

Plaintiff seeks to amend his complaint to add the following Defendants, (Judges in the Western District of Oklahoma): Chief Judge Timothy D. DeGiusti, Judge Friot, Judge Suzanne Mitchell, and Judge Shon T. Erwin

(together, the Judicial Defendants),³ and former United States Attorney for the Western District of Oklahoma Timothy J. Downing. Docs. 21 & 22.⁴ The undersigned recommends the Court deny Plaintiff's requests to add these parties as Defendants because, as explained below, they are absolutely immune from suit.⁵

Plaintiff asserts the Prosecutor Defendants collected illegally obtained evidence from Oklahoma authorities seized during a search of Plaintiff's property. Doc. 1, Att. 2, at 5, 11-12, 16. Defendants then used that evidence to commit fraud on the Court and to vindictively prosecute him without an independent investigation. Doc. 1, at 8 & Att. 2, at 4-6, 10-12, 14, 19. He alleges all Defendants have conspired to violate his rights and have kidnapped and falsely imprisoned him and wrongfully convicted him in federal court for felon

---

³ During Plaintiff's criminal proceedings, the undersigned signed an "Order for Writ of Habeas Corpus Ad Prosequendum" on March 5, 2021. *See Swan*, No. CR-21-28-G, Doc. 5. Plaintiff also filed an unsuccessful habeas corpus action against Judge Friot during the pendency of his criminal proceedings which, upon the recommendation of Judge Erwin, Chief Judge DeGiusti dismissed and denied a certificate of appealability. *See Swan v. Friot*, No. CIV-24-475 (W.D. Okla. May 9, 2024), Docs. 12, 16, & 17.

⁴ Defendant Downing joins the Prosecutor Defendants for purposes of this Report and Recommendation.

⁵ The motions appear identical.

in possession of ammunition. *Id.* at 7 & Att. 2, at 4-6, 8-13, 19; *see also* Doc. 21, at 1-2.

Plaintiff seeks $75,000.00 in compensatory damages from each Defendant for each day he has served in prison for his alleged wrongful conviction. Doc. 1, at 6 & Att. 2, at 18. He also seeks his immediate release from his unlawful restraint due to Defendants' "aggravated kidnapping" of him, declaratory relief, "a preliminary and permanent injunction ordering all . . . Defendants . . . to cease their unconstitutional violence attacks on [] Plaintiff" for exercising his constitutionally protected rights, actual and punitive damages of $1,000,000,000 each, costs, and any additional relief this Court deems proper. Doc. 1, Att. 2, at 18-19.

As a result of Defendants' alleged actions against him, Plaintiff asserts he has suffered physical injuries in prison, has been denied hand surgery, was exposed to Covid-19, and suffered a "zone of danger" injury. *Id.* Att. 2, at 19. He alleges he has exhausted all administrative remedies. *Id.* at 20.

## II. Screening.

This Court must screen complaints filed by prisoners seeking relief against a governmental entity or its officer or employee. 28 U.S.C. § 1915A(a). The Court must dismiss the complaint, or any portion of the complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief may be

granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b); *see also id.* § 1915(e)(2)(B).

In conducting this review, the Court accepts Plaintiff's allegations as true and construes them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). "The complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010).

"[Fed. R. Civ. P.] 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). In other words, the complaint must give each Defendant fair notice of the claims against him or her and, at a minimum, Plaintiff must inform Defendants about what they have allegedly done to violate federal law. *See Barfield v. Commerce Bank*, 484 F.3d 1276, 1281 (10th Cir. 2007). That is, from the allegations in the complaint, Defendants must be able to learn "what [they]

did to [Plaintiff]; when [they] did it; how [their] action harmed [Plaintiff]; and, what specific legal right [Plaintiff] believes [they] violated." *Nasious v. Two Unknown B.I.C.E. Agents,* 492 F.3d 1158, 1163 (10th Cir. 2007).

This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The Court, however, may not serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

In deciding whether to dismiss the complaint, in whole or in part, the Court considers whether to allow a plaintiff an opportunity to amend the complaint. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Id.* And the Court should grant an opportunity to amend unless amendment would be futile. *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004). An amendment is futile if the amended claims would be subject to immediate dismissal under the Fed. R. Civ. P. 12(b)(6) or § 1915A standards. *Id.*

## III. Discussion.

### A. The Court cannot address Plaintiff's Bivens claims against Defendants in their official capacities.

Plaintiff states he is suing Defendants in their individual and official capacities. Doc. 1, Att. 2, at 2-3. But a suit against a federal official in their official capacity is construed as a suit against the United States. *See, e.g.*, *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001) ("There is no such animal as a *Bivens* suit against a public official tortfeasor in his or her official capacity. Instead, any action that charges such an official with wrongdoing while operating in his or her official capacity as a United States agent operates as a claim against the United States."). And a "*Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009). Instead, "a *Bivens* claim can be brought only against federal officials in their individual capacities." *Id.*; *see also Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002) ("A *Bivens* action may not be brought against federal . . . agents acting in their official capacities."). So the Court should dismiss Plaintiff's official capacity claims against Defendants.

### B. The Court cannot grant equitable relief to Plaintiff in a *Bivens* action.

*Bivens* is a judicially created cause of action for damages arising out of alleged constitutional violations by federal officers. 403 U.S. at 397 (holding petitioner had stated a claim and was "entitled to recover money damages for any injuries he [had] suffered as a result of the agents' violation of the [Fourth] Amendment"). By definition, *Bivens* suits are individual capacity suits. *See Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231 (10th Cir. 2005) ("Some courts have characterized constitutional claims to enjoin federal officials as *Bivens* claims [,] . . . . however, . . . a *Bivens* claim lies against the federal official in his individual capacity—not, as here, against officials in their official capacity.").

As relief, Plaintiff seeks in part to enjoin government action, namely to undo his conviction and release him from his "false imprisonment." Doc. 1, Att. 2, at 9, 18-19. But this Court cannot enjoin official government action in an individual capacity suit. *See, e.g.*, *Sturm v. Goldey*, No. CIV-24-148-PRW, 2024 WL 5711021, at *6 (W.D. Okla. Oct. 3, 2024), *adopted*, 2025 WL 1304021 (W.D. Okla. May 6, 2025) ("*Bivens* claims . . . may be brought only for money damages against a federal actor in his individual capacity and do not authorize injunctive relief." (citing *Simmat*, 413 F.3d at 1231)); *see also Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016) ("[W]e join our sister circuits in

8

holding that relief under *Bivens* does not encompass injunctive and declaratory relief where, as here, the equitable relief sought requires official government action."). So Plaintiff is not entitled to the equitable relief he seeks in this case.[6]

### C. Prosecutorial immunity bars Plaintiff's claims against the Prosecutor Defendants.

Plaintiff's claims against the Prosecutor Defendants fail on the ground of prosecutorial immunity. Plaintiff claims these Defendants used evidence that State officials had allegedly illegally obtained during a search of his property to bring federal charges against him for being a felon in possession of ammunition. Doc. 1, at 7-8.

Federal prosecutors are immune from suit for money damages for actions taken in the course of their official duties. *See Imbler v. Pachtman,* 424 U.S. 409, 424-28 (1976). Prosecutorial immunity shields prosecutors from liability in initiating prosecution or presenting the government's case against a

---

[6] Even if the Court could entertain a request for equitable relief, Plaintiff's claims for declaratory and injunctive relief against Defendants are moot. Plaintiff asks the Court to declare Defendants' past actions violated his rights and to order Defendants to "cease their unconstitutional violence attacks." Doc. 1, at 6. But Plaintiff has already been convicted and is currently incarcerated. *O'Shea v. Littleton,* 414 U.S. 488, 495-96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief."); *see, e.g., Facio v. Jones,* 929 F.2d 541, 544 (10th Cir. 1991) ("[A] plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being likewise injured [by the defendant] in the future.").

criminal defendant. *Tripati v. INS*, 784 F.2d 345, 346-47 (10th Cir. 1986); *see Hartman v. Moore*, 547 U.S. 250, 261-62 (2006) (noting that absolute prosecutorial immunity protects federal prosecutors facing *Bivens* actions). It extends to "questions of whether to present a case to a grand jury, whether to file an information, whether and when to prosecute, whether to dismiss an indictment against particular defendants, which witnesses to call, and what other evidence to present." *Imbler*, 424 U.S. at 431 n.33. It also includes "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

The Prosecutor Defendants' actions in Plaintiff's criminal case fall within these categories, and they are therefore entitled to absolute prosecutorial immunity. *See, e.g.*, *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) ("[I]t is well established that '[a]bsolute immunity bars suits for money damages for acts made in the exercise of prosecutorial . . . discretion.'" (quoting *Guttman v. Khalsa*, 446 F.3d 1027, 1033 (10th Cir. 2006))). The Court should dismiss the Prosecutor Defendants.

### D. The proposed Judicial Defendants are absolutely immune from Plaintiff's claims.

Similarly, Plaintiff's claims against the proposed Judicial Defendants fail because judges have absolute immunity for acts taken in their judicial

capacity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Plaintiff argues a denial of due process due to a "chain conspiracy to defraud with all their co-conspirators in the Western District of Oklahoma courtrooms, and their associates the known [and] unknown in this civil conspiracy." Doc. 21, at 2. This claim does not meet the limited exceptions that apply to overcome judicial immunity.

> [I]mmunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12.

Plaintiff's vague allegations relate only to actions taken by the Judicial Defendants while presiding over his criminal and civil cases. Because the Judicial Defendants were performing judicial acts within the Court's jurisdiction, they are "'clothed with absolute judicial immunity.'" *Andrews*, 483 F.3d at 1076 (quoting *Hunt v. Bennett*, 17 F.3d 1263, 1266 (10th Cir. 1994)). The Court should therefore deny Plaintiff's requests to add these parties as Defendants. Docs. 21-22; *see* 28 U.S.C. § 1915A(b)(2).

### E. The Court should dismiss Plaintiff's claims against Defendant Deblouis.

Plaintiff does not specify what role Defendant Deblouis played in allegedly violating his rights other than one reference to her "forward[ing] false

11

pending charges." Doc. 1, at 4. So the complaint lacks facial plausibility and does not satisfy Rule 8 as to Defendant Deblouis.

Defendant Deblouis is also entitled to quasi-judicial immunity for her actions. Plaintiff names parties involved with his prosecution and court proceedings. Probation Officer Deblouis[7] worked on preparing various probation records such as presentence reports for the court. *See Swan*, No. CR-21-28-G, Docs. 152 & 155. In this role, she functioned as part of the judicial process. She served as an aid to the judge in conducting her investigation and completing her recommendation.

As noted, judges acting in their judicial capacity are generally immune from suit for money damages. *Mireles* 502 U.S. at 9-10. And courts recognize quasi-judicial immunity for other actors whose activities are intimately associated with the judicial process or who serve as an official aid of the judge. *See Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000); *see also Tripati v. U.S.I.N.S.*, 784 F.2d 345, 348 (10th Cir. 1986) (probation officers entitled to absolute immunity for work on pretrial bond and presentence report for the sentencing court). "[W]hen, as here, the challenged activities of a federal probation officer are intimately associated with the judicial phase of the

---

[7] This Defendant's last name is spelled DeBlois. *See Swan*, No. CR-21-28-G, Doc. 152.

criminal process, . . . she is absolutely immune from a civil suit for damages." *Tripati*, 784 F.2d at 348. The Court should dismiss Plaintiff's claims against Defendant Deblouis.

### F. The Court should dismiss Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's claims relate to his criminal case, which is pending on appeal before the Tenth Circuit. Before a plaintiff may proceed in a federal civil action for damages based on an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must first "prove that [his] conviction or sentence has been reversed on direct appeal, expunged by executive order," or officially "declared invalid." *Heck*, 512 U.S. at 486-87; *see Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) ("*Heck* applies to *Bivens* actions.").

Plaintiff has not alleged or proven that his conviction or sentence has been reversed or invalidated. And, as noted, Plaintiff's criminal case is pending on appeal. So *Heck* bars Plaintiff from proceeding with this action. Based on this bar, the undersigned recommends the Court dismiss the complaint for failure to state a claim upon which relief may be granted. *See, e.g.*, *Archilta v. Oklahoma*, 123 F. App'x 852, 857 (10th Cir. 2005) ("Since Archilta's claims necessarily imply the invalidity of his convictions and he cannot demonstrate

that his convictions have already been invalidated, the district court properly held that the claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim.").

## IV. Recommendation and notice of right to object.

For the reasons set forth above, the undersigned recommends the Court dismiss the complaint without granting leave to amend as any amendment would be futile. *See, e.g.*, *Pierce v. Kobach*, 2024 WL 277555, at *2 (10th Cir. 2024) ("Where a complaint, as amended, would be subject to dismissal, leave to amend need not be granted." (quoting *Mountain View Pharmacy v. Abbott Lab'ys.*, 630 F.2d 1383, 1389 (10th Cir. 1980))). The undersigned further recommends the Court deny Plaintiff's motions to add additional Defendants and deny all other pending motions as moot upon the adoption of this Report and Recommendation. Docs. 15-23.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 11, 2025, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2). The undersigned further advises Plaintiff that failure to make a timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 20th day of November, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE