UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN MIGUEL SWAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-1032-J |
| | ) |
| ROBERT J. TROESTER, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff, a federal prisoner appearing pro se, filed a Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) [Doc. No. 1-2] and the matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell consistent with 28 U.S.C. § 636(b)(1)(B), (C). Judge Mitchell has issued a Report and Recommendation recommending that Plaintiff's claims be dismissed (Rep. & Rec.) [Doc. No. 25] and Plaintiff has objected [Doc. No. 27], triggering de novo review.

**I.      Relevant Background**

Plaintiff was convicted of being a felon in possession of ammunition. His subsequent appeal is still pending in the Tenth Circuit Court of Appeals. In this *Bivens* action, Plaintiff sues United States Attorney Robert J. Troester, Assistant United States Attorneys Chelsie A. Pratt, Steven W. Creager, Jacquelyn M. Hutzell, Allison B. Christian, and Drew E. Davis, and United States Probation Officer Angelique M. DeBlois for allegedly conspiring to use illegally obtained evidence to prosecute his case without an independent investigation. He names Defendants in their individual and official capacities and seeks monetary and equitable relief.

## II.  Analysis

On de novo review, the Court ADOPTS Judge Mitchell's Report and Recommendation.

### A.  Official Capacity and Equitable Relief Claims

Judge Mitchell first notes that a *Bivens* claim cannot be asserted against a federal official in his or her official capacity, and Plaintiff cannot obtain equitable relief.  *See* Rep. & Rec. at 7-8. She is correct, and the Court ADOPTS the Report and Recommendation and DISMISSES the official capacity claims and Plaintiff's requests for equitable relief without prejudice.  *See Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("a Bivens claim can be brought only against federal officials in their individual capacities"); *Sturm v. Goldey*, No. CIV-24-148-PRW, 2024 WL 5711021, at *6 (W.D. Okla. Oct. 3, 2024) ("*Bivens* claims, however, may be brought only for money damages against a federal actor in his individual capacity and do not authorize injunctive relief."), *adopted*, 2025 WL 1304021 (W.D. Okla. May 6, 2025).

### B.  Individual Capacity Claims

#### 1.  Prosecutorial Immunity

As noted, Plaintiff sues members of the United States Attorneys' Office alleging conspiracy, fraud, forgery, and the use of illegally gathered evidence during his prosecution. But as Judge Mitchell finds, a "prosecutor is absolutely immune for activities which are intimately associated with the judicial process such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (cleaned up).  In other words, prosecutors "are entitled to absolute immunity for their decisions to prosecute, their investigatory or evidence-gathering actions, their evaluation of evidence, their determination of whether probable cause exists, and their determination of what information to show the court." *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1164 (10th Cir. 2009).  Having reviewed both

the Complaint and Plaintiff's objection, the Court finds that Defendants Troester, Pratt, Creager, Hutzell, Christian, and Davis' alleged improper actions fall within the judicial process and they are entitled to absolute prosecutorial immunity. *See Tripati v. U.S.I.N.S.*, 784 F.2d 345, 346 (10th Cir. 1986) (granting absolute immunity to prosecutors with the United States Attorney's Office for conduct taken during the plaintiff's prosecution).

Judge Mitchell's recommendation is thus ADOPTED and the individual capacity claims against Defendants Troester, Pratt, Creager, Hutzell, Christian, and Davis are DISMISSED with prejudice.

### 2. Quasi-Judicial Immunity

Plaintiff also sues United States Probation Officer DeBlois on the same grounds. But courts recognize quasi-judicial immunity for actors whose activities are intimately associated with the judicial process. *See id.* at 348. Probation officers fall within that category. *See id.* (granting absolute immunity to federal probation officer); *see also Plater v. Walton*, No. CIV-20-1091-R, 2021 WL 537103, at *2 (W.D. Okla. Jan. 13, 2021) (holding "probational officers are absolutely immune from a civil suit for damages when the challenged activities are intimately associated with the judicial phase of the criminal process" (cleaned up)), *adopted*, 2021 WL 535861 (W.D. Okla. Feb. 12, 2021). Accordingly, Judge Mitchell's recommendation that Defendant DeBlois be dismissed is ADOPTED and the individual capacity claims against her are DISMISSED with prejudice.

### C. Plaintiff's Pending Motions to Amend

Plaintiff has two apparently identical motions to amend seeking leave to add two federal judges, two federal magistrate judges, and former United States Attorney Timothy Downing as Defendants. [Doc. Nos. 21-22]. Judge Mitchell recommends the Court deny these motions as

3

futile, as Mr. Downing would be entitled to absolute prosecutorial immunity and the federal judges would be entitled to absolute judicial immunity. *See* Rep. & Rec. at 3, 10-11. The Court agrees. *See supra* at 2-3; *see also Stein v. Disciplinary Bd. of Supreme Ct. of NM*, 520 F.3d 1183, 1195 (10th Cir. 2008) ("The Supreme Court of the United States has long held that judges are generally immune from suits for money damages" so long as the act is taken in the judge's judicial capacity). Consequently, Plaintiff's motions to amend [Doc. Nos. 21-22] are DENIED.

### III.    Conclusion

Having carefully reviewed the Complaint, Report and Recommendation, and Plaintiff's objection de novo, the Court ADOPTS Judge Mitchell's recommendation [Doc. No. 25] and DISMISSES the Complaint. Specifically, the Court DISMISSES the official capacity claims and requests for equitable relief without prejudice and DISMISSES the individual capacity claims against Defendants Troester, Pratt, Creager, Hutzell, Christian, Davis, and DeBlois with prejudice.[1] The Court DENIES Plaintiff's motions to amend [Doc. Nos. 21-22] as futile and DENIES his other pending motions [Doc. Nos. 15, 18, 20] as moot.

A separate judgment will issue.

IT IS SO ORDERED this 15th day of December, 2025.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE

---

[1] Because this disposes of the Complaint, the Court does not address Judge Mitchell's finding that Plaintiff's claims would also be premature under *Heck v. Humphry*, 512 U.S. 477 (1994).